

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO. 9104-22932-PMD SB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DONALD HEYWARD AND WACHOVIA BANK, N.A., | ) | |
| | ) | |
| Defendant(s). | ) | |

This is an action for the foreclosure of a real estate mortgage. Plaintiff's Motion for Summary Judgment is before the court.

In deciding a summary judgment motion, the court must look beyond the pleadings and determine whether there is a genuine need for trial. <u>Matsushita Electric Industrial Co., Ltd v. Zenith Radio Corp</u>., 475 U.S. 574, 587 (1986). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 251-53 (1986). An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for Plaintiffs. <u>Id</u>. at 248. An issue of fact concerns "material" facts only if

establishment of the fact might affect the outcome of the lawsuit under governing substantive law. Id. If Plaintiff carries its burden of showing that there is no genuine issue of material fact in dispute, Defendant must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986).

In this case, Plaintiff's Motion for Summary Judgment and accompanying exhibits satisfied its burden of demonstrating an absence of genuine issues of material fact in dispute regarding its claims against Defendant Donald Heyward. The Defendant did not respond to Plaintiff's Motion for Summary Judgment. He has therefore failed to demonstrate a genuine issue of material fact for trial.

It is therefore ORDERED that Plaintiff's Motion for Summary Judgment against Defendant Donald Heyward; be granted and judgment entered against him.

_____
UNITED STATES DISTRICT JUDGE

Charleston, South Carolina

July 5, 2005