IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL ACTION NO. 9:04-22932-SB |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | DECREE OF FORECLOSURE |
| ) | AND SALE |
| DONALD HEYWARD AND WACHOVIA ) | |
| BANK, N.A., ) | |
| ) | |
| Defendant(s). ) | |



This is an action by the United States of America for the foreclosure of a real estate mortgage on property located in Jasper County, South Carolina. Said mortgage was executed by Donald Heyward to the United States of America, acting through the Farmers Home Administration, n/k/a Rural Development, United States Department of Agriculture.

Upon reading the Affidavits herein and after due consideration thereof, and the entire record in the case, I hereby find and conclude as follows:

1. This action was commenced by the filing of a Summons and Complaint on November 10, 2004 and service was duly made on the defendants pursuant to law and as shown by the Affidavits of Service and/or other documents on file herein. The defendant Wachovia Bank, N.A. is now in default, as appears from the Affidavit of Robert F. Daley, Jr., Assistant United States

Attorney, filed herein. The defendant, Donald Heyward has filed an Answer and Counterclaim in this action which made allegations which are without basis in fact or law.

2. No deficiency judgment is being sought in this action.

3. The plaintiff moved for summary judgment against defendant Donald Heyward pursuant to Rule 56 of the Federal Rules of Civil Procedure, supported by Affidavits and exhibits of record.

4. Rule 56 provides that when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Rule 56 provides further that if an adverse party does not so respond, summary judgment, if appropriate, shall be entered against him. Defendant Heyward filed no reply to plaintiff's Motion for Summary Judgment, and therefore, failed to come forth with evidence of sufficient weight and credibility to counter or meet plaintiff's exhibits (as shown in its motion) and related documents. Defendant Heyward did not show that there is a genuine issue as to a material fact; hence, from the record in this case the plaintiff is entitled to summary judgment as a matter of law. As there is no genuine issue requiring trial, an Order granting plaintiff's motion for summary



judgment as to defendant Heyward was entered on July 6, 2005.

5. The defendant, Donald Heyward, as of March 17, 2005 is indebted to plaintiff in the amount of $50,536.70, which amount includes principal, interest, $417.11 in taxes, as well as other advances; and, plaintiff is entitled to daily interest accrual from the above stated date in the amount of $9.0177 for each day, and any advances thereafter paid for preservation of the mortgaged property, as provided under the terms of the mortgage. This loan is subject to interest credit recapture as evidenced by the Subsidy Repayment Agreement. During the life of the loan, defendant received a subsidy in the amount of $6,577.00, which amount is included in the above total debt. Findings herein as to the amount of judgment are based on and are in reliance upon plaintiff's Affidavit of Default and Amount Due with attachments, particularly Exhibit C, all on file herein.

6. The Lis Pendens was filed in the Office of the Clerk of Court for Jasper County, South Carolina, on November 23, 2004 in accordance with §§ 15-11-10 and 15-11-20, Code of Laws of South Carolina (1976). No petition for intervention has been filed.

7. This Court has jurisdiction of the subject matter and of the parties to this case; and the plaintiff is entitled to have its mortgage foreclosed, the property sold, and the proceeds applied as set forth herein; said property is described as

> All that certain piece, parcel or lot of land, with improvements thereon, situate, lying and being in Jasper County, South Carolina, being known and designated as Lot No. 42 of Tallahassee Subdivision as shown on a plat prepared by Neils Christensen, Registered Land Surveyor, and recorded in the Office of the Clerk of Court for Jasper County, South Carolina in Plat Book 12 at Page 100. Said lot is bound and described as follows: On the North for a distance of 207.0' feet by Lot No. 41; on the East for a distance of 151.97' feet by a 50 foot road leading through said subdivision; on the South for a distance of 211.37' feet by Lot #43 and on the West for a distance of 174.0' feet by Lot #32.
>
> Being the identical property conveyed to Donald Heyward by deed of the United States of America, acting through the Farmers Home Administration, n/k/a Rural Development dated May 3, 1989 and recorded May 26, 1989 in the Office of the Clerk of Court for Jasper County, South Carolina in Deed Book 94 at Page 1520.

9.   As between the parties to this action, the plaintiff's mortgage constitutes a first lien upon the real estate hereinabove described. The defendant, Wachovia Bank, N.A., has a valid lien upon the real estate hereinabove described junior to Plaintiff's Mortgage.

10.   Plaintiff not having affirmatively sought a deficiency judgment, the bidding will not stay open for the customary thirty (30) days following the sale.

11.   In light of the preceding findings and conclusions, I further find and conclude that plaintiff is entitled to the relief sought in its Complaint.

NOW, THEREFORE, upon motion of the United States Attorney, it is

ORDERED, ADJUDGED AND DECREED

1. The defendant Donald Heyward, as of March 17, 2005 is indebted to plaintiff in the amount of $50,536.70, which amount includes principal, interest, $417.11 in taxes, as well as other advances; and, plaintiff is entitled to daily interest accrual from the above stated date in the amount of $9.0177 for each day, and any other charges accruing thereafter under the terms of the mortgage. This loan is subject to interest credit recapture as evidenced by the Subsidy Repayment Agreement. During the life of the loan, defendant received a subsidy in the amount of $6,577.00, which amount is included in the above total debt.

2. Plaintiff shall have judgment of foreclosure of its mortgage against the defendant and the defendant and all persons claiming by, through, or under them, are hereby forever barred from all right, title, interest and equity of redemption in and to the mortgaged premises hereinabove described, or to any part thereof.

3. The United States Marshal or a duly authorized Deputy, after having advertised for sale the mortgaged premises once a week for four weeks prior to sale as required by 28 U.S.C. §2002, shall sell the mortgaged premises described in the Complaint subject to ad valorem taxes at public auction before the door of the Jasper County Courthouse at the usual hour of public sale on

any convenient date set by the Marshal and stated in the published notice of sale.

4. In conducting the sale, the United States Marshal or a duly authorized Deputy shall require the highest bidder, other than the plaintiff, to make a cash deposit of five percent (5%) of the bid as earnest money and as evidence of good faith. (The balance of the bid shall be paid in cash, by certified check or by cashier's check.) If the plaintiff is the successful bidder at the sale, the amount due on its mortgage may be used as the equivalent of cash. Should the person making the highest bid at the sale fail to comply with the terms of his bid by depositing the said five percent (5%) in cash, then the premises shall be resold at such bidder's risk on the same sales date, or some subsequent date, as the selling officer may find convenient and advantageous. Should the last and highest bidder fail to comply with the terms of his bid within ten (10) days of the final acceptance of his bid, the entire deposit shall be forfeited, and the selling officer shall readvertise and resell the property on the same terms and at the bidder's risk on a subsequent sales day.

5. Under 28 U.S.C. § 566, it is the duty of the United States Marshal to enforce the decree of the United States District Court and under § 564, the Marshal is authorized to exercise the same powers of the Sheriff in conducting the sale. It is in the interest of justice that the sale be conducted to yield the best

price through free, fair, and competitive bidding. Any act that appears to prevent a free, fair, and open sale or to suppress the bidding or otherwise adversely affects the sale, will not be allowed. If such an act occurs, then the sale will be halted. Further, the individual or individuals who perform any act which appears to contribute to the sale being halted or otherwise adversely affected, may be charged with contempt of court, to be sanctioned accordingly, including but not limited to paying for the costs and expenses of the scheduled sale.

6. Upon full compliance with the terms of sale, the United States Marshal shall convey title in fee simple to the purchaser, or his nominee; the purchaser shall be let into possession of the premises upon production of the United States Marshal's deed; and all persons holding adversely to the purchaser shall be ejected from the premises by the United States Marshal or the Sheriff of the county where the property is located.

7. The proceeds of the sale shall be applied first to the costs and disbursements of this action and the expenses of the sale; second, to the payment and discharge of the amount herein found due the plaintiff; and should any of the proceeds thereafter remain, the balance shall be held until further order of this Court.

8. After the sale of the premises, and as soon as the sale by the United States Marshal is complete, and has been

approved by the Court, the mortgagor, or other persons in possession, shall immediately move from the premises, and give up the premises, without damage or vandalism.  Upon failure of any mortgagor, or persons in possession, to vacate the premises the United States Marshal or Sheriff of the county where the property is located is authorized, empowered and directed to enter upon the premises, and evict them therefrom.  The United States Marshal (or deputy) or Sheriff of the county where the property is located is also authorized to remove from the premises any furniture or other possessions of the mortgagor, or other persons in possession, and any interference with the activities of the Marshal will be upon pain of contempt of Court.

_____
UNITED STATES DISTRICT JUDGE

_Charleston_, South Carolina
_August 2_, 2005

#8